A. CISNEROS, TRUSTEE
3403 Tenth Street, Suite 711
Riverside, California 92501
Telephone: (951) 682-9705
Telecopier:(951) 682-9707
Email: amctrustee@mclaw.org

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>HUMBERTO JOSE PEREZ, JR., and<br>JULIANA PEREZ,<br><br>    Debtors. | Case No. 6:09-20138 CB<br><br>[Chapter 7]<br><br>CHAPTER 7 TRUSTEE'S MOTION FOR ORDER DIRECTING THE DEBTORS TO TURNOVER PROPERTY OF THE ESTATE PURSUANT TO BANKRUPTCY CODE SECTION 542(a)<br><br>DATE: September 29, 2010<br>TIME: 11:00 a.m.<br>CTRM: #303<br>    3403 Twelfth Street<br>    Riverside, CA 92501 |

TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE; THE DEBTORS; THE OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER INTERESTED PARTIES:

A. CISNEROS, in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate of HUMBERTO JOSE PEREZ, JR., and JULIANA PEREZ ("Debtors"), Case No. 6:09-20138 CB, moves this Court for an order directing the Debtor to turnover property of the estate.

T:\TCMSWIN\DOCMAN\PEREZ JR., HUMBERTO JOSE [6_09-20138]\turnover motion.wpd

Case 6:09-bk-20138-CB  Doc 42  Filed 09/08/10  Entered 09/08/10 15:07:08  Desc
Main Document    Page 2 of 7

## I. INTRODUCTORY STATEMENT.

Pursuant to Section 542 of the Bankruptcy Code, the Debtors are compelled to turn over property that the Trustee may use or sell for the benefit of the Debtors' bankruptcy estate. In this case, the Trustee has requested turnover of unscheduled income tax refunds in the approximate amount of $15,000, and possibly up to $22,480, and copies of the Debtors 2005 through 2008 Federal and State Income Tax Returns ("Tax Returns").

## II. FACTUAL SUMMARY

1. The Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 13, 2009.

2. A. Cisneros is the duly appointed, qualified and acting Chapter 7 Trustee for the Debtor's bankruptcy estate.

3. The Trustee conducted the Debtors' initial § 341(a) meeting on June 18, 2009, and having determined that same was appropriate, filed his Report of No Distribution on June 18, 2009. The Debtors' discharge was thereafter entered by the Court on November 3, 2009, and the case closed on November 9, 2009.

4. Thereafter, the Trustee received a call from Debtors' former counsel and was advised of the Debtors' expected tax refunds (which were not listed in the Debtors' schedules or disclosed at the § 341(a) meeting) of approximately $15,000 and their intention to reopen the bankruptcy case, schedule the Tax Refunds, and claim same as fully exempt. The Trustee spoke with Debtors' counsel in February to follow up on the Debtors' Motion to Reopen (as it had not yet been filed) and advised that the Tax Refunds should be held in the Debtors' attorney's trust account until allowed exemptions were determined.

T:\TCMSWIN\DOCMAN\PEREZ JR., HUMBERTO JOSE (6_09-20138)\turnover motion.wpd

2

5. On March 30, 2010, the United States Trustee filed an ex parte motion for order reopening the bankruptcy case for administration of the unscheduled tax refunds and appointment of a Chapter 7 Trustee. The Order approving same was entered on April 16, 2010, and A. Cisneros was reappointed as the Chapter 7 Trustee.

6. On May 11, 2010, the Trustee sent a demand to Debtors' counsel, Manfred Schroer, for turnover of the Tax Refunds in the approximate amount of $15,000. The Trustee was thereafter informed that M. Stephen Cho was representing the Debtors, and the demand was forwarded to Mr. Cho on June 17, 2010. On July 7, 2010, the Debtors turned over the sum of $5,652.76 to the Trustee, representing that said sum consisted of the value of their 2008 tax refund.

7. On August 5, 2009, the Debtors filed Amended Schedules B & C to add an "IRS Tax Refund, from 2005-2008 fiscal years," value unknown, and exempt same in the amount of $22,480 under Code of Civil Procedure ("CCP") § 703.140(b)5). Additional items claimed under CCP § 703.140(b)(5) include cash on hand in the amount of $750 and a checking account in the amount of $20, for a total claimed under CCP § 703.140(b)(5) in the amount of $23,250. Debtors also eliminated an exemption claim of $21,055 in a 30% interest in MI Agencia Insurance Inc.

8. The Debtors are also attempting to utilize CCP § 703.140(b)(1) and (5) in the increased amounts which became effective April 1, 2010 (in the total amount of $23,250), when their bankruptcy petition was filed on May 13, 2009.

9. The Trustee has filed a motion with the Court, which will be heard concurrently herewith, objecting to the Debtors' amended exemption claim in the Tax Refunds due to the Debtors'

failure to disclose same in Schedules B & C or at the § 341(a) meeting.

   10. The Trustee has requested turnover of the Tax Refunds, as well as copies of the 2005-2008 Income Tax Returns, but Debtors have not complied with the Trustee's demands.

## III. THE REFUND IS PROPERTY OF THE ESTATE

   Bankruptcy Code Section 541 provides in part as follows:

> (a) The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

See 11 U.S.C. § 541(a)(1).

   Bankruptcy Code Section 541 is broadly construed to include all property interests, whether reachable by state-law creditors or not, and whether vested or contingent. *United States v Rauer*, 963 F.2d 1332 (10th Cir. 1992); *In re Yonikus*, 996 F.2d 866 (7th Cir. 1993) (virtually all property of debtor becomes property of estate; in fact, every conceivable interest of debtor, including future, non-possessory, contingent, speculative, and derivative, is within the scope of Section 541). Section 541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code.

   The Tax Refunds belong to the Debtors' Estate. Because the undisclosed and unscheduled Tax Refunds are property of the Debtors' Estate, and may be used by the Trustee for the benefit of the

creditors, turnover of the Tax Refunds is appropriate and in accordance with statutory and case law authority. In addition, copies of the Tax Returns for the years 2005-2008 are required by the Trustee to determine the value of the Tax Refunds.

## IV. THE TRUSTEE IS ENTITLED TO THE TURNOVER OF ESTATE FUNDS

One of the Trustee's duties is to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." See 11 U.S.C. § 704(a)(1). In order to administer the assets of this case and make a distribution to the creditors, the Trustee must receive the Tax Refunds. The Trustee is unable to fulfill his obligations to administer the Estate's assets and distribute funds to creditors until the Tax Refunds are received. Accordingly, the Motion should be granted.

## V. THE DEBTORS ARE REQUIRED TO TURNOVER ALL ASSETS OF THE BANKRUPTCY ESTATE

Section 542 of the Bankruptcy Code provides in part:

> "(a) Except as provided in subsection (c) or (d) of this section, an entity other than a custodian, <u>in possession, custody or control, during the case, of property that the Trustee may use, sell or lease under Section 363</u>, of this title... <u>shall deliver to the Trustee, and account for, such property</u> or the value of such property, unless such property is of inconsequential value or benefit to the estate."
> [Emphasis added.]

///+

1  VI.   **THE TRUSTEE BELIEVES THE COURT SHOULD ORDER THE DEBTORS TO TURN**
2         **OVER THE PROPERTY**
3         For the reasons itemized herein, the Trustee believes the
4  Court should order the Debtors to turn over the Tax Refunds and Tax
5  Returns, as requested by the Trustee.  The Trustee is attempting to
6  comply with his statutory duties, including, without limitation, his
7  duties under Section 704 of the Bankruptcy Code to expeditiously and
8  efficiently liquidate the undisclosed asset of this Estate.
9  VII. **CONCLUSION**
10        For the above foregoing reasons, the Trustee respectfully
11 requests that the Court grant his Motion and enter an Order Directing
12 the Debtors to Turnover Property of the Estate Pursuant to Bankruptcy
13 Code Section 542(a), i.e., Tax Refunds in the approximate amount of
14 $15,000, or up to $22,480, less funds received; and should also
15 provide the Trustee with copies of their 2005-2008 tax returns.

17 Dated: September 8, 2010            Respectfully Requested,

                                       _____
                                       A. CISNEROS, Chapter 7 Trustee

| In re: HUMBERTO JOSE PEREZ, JR and JULIANA PEREZ | CHAPTER 7 |
|---|---|
| Debtor(s). | CASE NUMBER 6:09-20138 |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3403 Tenth Street, Suite 711, Riverside, CA 92501

The foregoing document described as **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER DIRECTING THE DEBTORS TO TURNOVER PROPERTY OF THE ESTATE PURSUANT TO BANKRUPTCY CODE SECTION 542(a)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 8, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

M Stephen Cho    mblackmer@scm-attorneys.com
Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@ecf.epiqsystems.com
Joey Deleon    joey.deleon@att.net
Donna L La Porte    dlaporte@wrightlegal.net, bkgroup@wrightlegal.net
Dace Pavlovskis    Dace.Pavlovskis@sba.gov
Manfred Schroer    schrolaw@sbcglobal.net
Ramesh Singh    claims@recoverycorp.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **September 8, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Debtors (Via U.S. Mail)** Humberto Jose Peres, Jr., Juliana Perez, 10997 Hillside Rd., Rancho Cucamonga, CA 91737

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 8, 2010**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**Honorable Bankruptcy Court Judge (Via Personal Delivery):** The Honorable Catherine E. Bauer, U.S. Bankruptcy Court, 3420 Twelfth Street, Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 8, 2010 | Denise Weiss | *(signature)* Denise Weiss |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                              F 9013-3.1